UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

In re:                                          :   Chapter 11
                                                :
BRITESTARR HOMES, INC.,                         :   Bankruptcy Case 02-50811 (AHWS)
                                                :
    Debtor                                      :   March 18, 2003

## MOTION TO QUASH

Steven Smith, by and through his attorneys, Coan, Lewendon, Gulliver & Miltenberger, LLC, hereby moves to quash a subpoena served upon him by Piper Rudnick, LLP on or about March 12, 2003 (the "Subpoena"), and states as follows:

### Introduction

1. Mr. Smith is an individual residing in Brick, New Jersey. He is the president of the debtor, Britestarr Homes, Inc., and Oak Point Property, Inc. ("OPP"), a creditor in the above-captioned bankruptcy case.

2. On or about March 12, 2003, Mr. Smith was served with a subpoena by an indifferent person at the request of Piper.

3. The document request associated with the Subpoena requests information about, inter alia, the "commercial and financial dealings" between OPP and ABB, Inc., between OPP and ABB Equity Ventures, Inc., and between OPP and ABB Energy Ventures, Inc. (ABB, Inc., ABB Equity Ventures, Inc., and ABB Energy Ventures, Inc., are hereinafter referred to as the "ABB Entities"). Furthermore, the document request associated with the Subpoena requests documents concerning Mr. Smith's appointment as an officer and director of Britestarr, the termination of his employment

1

#13

by ABB, payments made by Mr. Smith to the law firm of Ivey, Barnum & O'Mara, and affidavits signed by Mr. Smith concerning Britestarr.

4. On or about February 3, 2003, Piper served a "First Set of Interrogatories and Request for Production of Documents Addressed to Oak Point Property, Inc." (the "OPP Document Request").

5. On February 28, 2003, OPP moved for an extension of time to respond to the OPP Document Request. Counsel for OPP called Connecticut counsel for Piper to obtain Piper's position on the motion for extension of time, but has never heard from Piper's Connecticut counsel regarding the motion for an extension of time.

6. Piper has never objected to OPP's requested extension of time. The bar date for objections to the motion passed on or about March 14, 2003.

7. On or about March 14, 2003, OPP requested the entry of an order extending the time to respond to the OPP Document Request served by Piper up to and including April 2, 2003.

8. The OPP Document Request requests the production of many of the same documents as the Subpoena, including, documents related to the "commercial and financial dealings" between OPP and the ABB Entities, and Mr. Smith's "termination" of employment with ABB.

9. Mr. Smith seeks an order quashing the Subpoena on two grounds. First, the Subpoena places and undue burden on Mr. Smith. *See* Rule 9016(c)(3)(A)(iv), Fed. R. Bankr. P. Second, the Subpoena seeks the disclosure of confidential commercial and development information the disclosure of which will be damaging to Mr. Smith, OPP, and Britestarr. *See* Rule 9016(c)(3)(B)(i), Fed. R. Bankr. P.

2

### The Subpoena Creates an Undue Burden

10. The burden of establishing the appropriateness of a subpoena duces tecum is on the serving party.

11. The Subpoena was served upon Mr. Smith, but some of its requests have little, if anything, to do with Mr. Smith in his individual capacity. The Subpoena requests documents related to OPP's business dealings with ABB, Inc., ABB Energy Ventures, Inc., and ABB Equity Ventures, Inc. These documents have nothing to do with Mr. Smith in his individual capacity.

12. Piper has requested the same documents from OPP. OPP has until April 2, 2003 to respond to Piper's document request to OPP, as Piper did not object to OPP's motion for extension of time.

13. Piper's request that Mr. Smith produce documents in his individual capacity merely duplicates its prior request to OPP, creating an undue burden on Mr. Smith. Piper has already reqeusted the same documents from different sources. There is no legitimate reason to compel Mr. Smith to duplicate the effort, and expense, of OPP and Britestarr in responding to identical document requests.

### The Subpoena Requests OPP Confidential Commercial Information

14. Confidential information is protected from disclosure pursuant to subpoena if the material in question contains confidential information and disclosure will work a defined and serious injury as established by specific claims. *See* Rule 9016(c)(B)(i), Fed. R. Bankr. P.; *In re Salomon Brothers Treasury Litigation*, 1994 WK 62852 (S.D.N.Y. 1994). If a showing is made that a subpoena requests confidential information the disclosure of which will harm the disclosing party, the party subpoenaed is protected from disclosure unless the serving party can establish a substantial

3

need for the information from the party subpoenaed and the court can devise appropriate safeguards for the information. *See* Rule 9016(c)(B).

15. The Subpoena requests documents "concerning any commercial or financial relationship" between OPP and the ABB Entities. Documents is defined by the Subpoena "in its broadest possible sense."

16. The ABB Entities have transferred certain development rights to OPP. The transfer of those rights includes the transfer of site reports, environmental audits, appraisals, and other confidential information that OPP has not shared with the marketplace.

17. Disclosure of the requested documents will cause a defined and specific injury to Mr. Smith, OPP, and the debtor in this case, Brtiestarr Homes, Inc., as evidenced by the fact that Piper has already disclosed confidential Britestarr Homes, Inc. documents to third parties to the detriment of Britestar and its bankruptcy estate.

18. In October, 2002, Piper delivered a site report prepared for Britestarr to a real estate brokerage firm named Friedland Realty, Inc. Concurrently with its delivery of the site report to the brokerage firm, Piper encouraged the firm to find purchasers for property owned by Britestarr. Finally, Piper offered to assist in placing any such offers before this Court.

19. After obtaining the site report from Piper, Friedland Realty proceeded to provide the site report to interested purchasers in exchange for an agreement that, in some circumstances, would require the purchaser to pay Friedland Realty a commission. In sum, Friedland Realty sold Britestarr confidential documents obtained from Piper for a commission – a commission that will almost certainly reduce any purcharse offers received from parties that have dealt with Friedland Realty.

20. Furthermore, Friedland Realty's efforts to sell property owned by Britestarr produced one potential purchaser. Friedland Realty disclosed that purchaser to Piper. Piper did not disclose the name of the potential purchaser to Britestarr, Ronald Chorches on behalf of the Norkin estate, the United States Trustee, or this Court.

21. As a result of Piper's past practices, Mr. Smith seeks a motion to quash to prevent his confidential commercial information from being revealed to the marketplace in the same manner as Piper disseminated Britestarr's confidential commercial information.

22. Piper has not, and cannot show that it has a substantial need for the production from Mr. Smith when it has requested the same documents from OPP.

WHEREFORE, Mr. Steven Smith requests an order quashing the Subpoena as unduly burdensome on him, and, in the alternative, quashing the Subpoena to the extent that it seeks the disclosure of confidential commercial information.

STEVEN SMITH

By_____
Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT 06511
(203) 624-4756
Fax: (203) 865-3673

## CERTIFICATION

This certifies that a copy of the foregoing was mailed, via first class mail, postage prepaid, on this 18th day of March, 2003, to the following:

Patrick M. Birney, Esq.
Halloran & Sage, LLP
One Goodwin Square
Hartford, CT 06103-4304
(Attorney for Piper Rudnick, LLP)

_____
Timothy D. Miltenberger