## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| BRITESTARR HOMES, INC., | Case No. 02-50811(AHWS) |
| Debtor. | |

## OMNIBUS OBJECTION TO CLAIMS

Debtor Britestarr Homes, Inc. ("Britestarr" or "Debtor") hereby files this Omnibus Objection to Claims, pursuant to 11 U.S.C. § 502(a) and Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Omnibus Objection"), and states the following as grounds:

1. On May 20, 2002, the Debtor filed a voluntary petition in bankruptcy under Title 11, Chapter 11 of the United States Code in the United States Bankruptcy Court for the District of New York. Thereafter, by order dated June 18, 2002 the Debtor's bankruptcy case was transferred to the United States District Court for the District of Connecticut, Bridgeport Division (the "Court").

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157 to consider this Omnibus Objection.

3. Since the commencement of this bankruptcy case, except as otherwise set forth herein, the Debtor has continued to operate its business and retain possession of its property as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4. On April 1, 2004, the Debtor filed a Second Amended Chapter 11 Plan of Reorganization, which this Court confirmed on June 29, 2004 (the "Confirmed Plan").

5. Under the terms of Confirmed Plan, Art. III, ¶3.1, and Art. XI, the Debtor expressly reserved the right to continue to prosecute objections to claims in post-confirmation litigation.

6. Exhibit "A" annexed hereto, entitled "Disputed Claims," is a schedule of claims which diverge from the Debtor's books and records with respect to the creditors' entitlement to the amounts claims (the "Disputed Claims").

## GROUNDS FOR OBJECTIONS

7. The Debtor objects to the Disputed Claims listed on Exhibit "A" on the grounds that the amounts set forth on such claims do not comport with the Debtor's books and records. The Debtor's books and records are incomplete, due to the mismanagement of the Debtor's pre-petition operations, a state of affairs which has been well documented during the course of the Debtor's bankruptcy case. For this reason, the Debtor has repeatedly requested that its creditors, including the holders of the Disputed Claims, assist the Debtor in its claims analysis by providing documentation of such claims. To date, the holders of the Disputed Claims have failed to provide such documentation. Accordingly, the Debtor requests that the amounts of the Disputed Claims listed on Exhibit "A" should be reduced, respectively, to the "Allowed Claim" amounts set forth therein. EACH OF THE DISPUTED CLAIMS LISTED ON EXHIBIT "A" WILL BE REDUCED TO THE "ALLOWED CLAIM" AMOUNTS AS SET FORTH

THEREIN IF THERE IS NO RESPONSE TO THIS OBJECTION AND THE OBJECTION IS SUSTAINED.

8. The Debtor reserves the right, (a) to file a reply to any response that is filed by any claimant or party in interest with respect to any claim listed in this Omnibus Objection; and (b) consistent with the Local Rules of Bankruptcy Practice for the District of Connecticut and any orders of this Court, and any other applicable law, to object in the future to any of the claims listen in this Omnibus Objection or on the Exhibits on any ground, and to amend, modify and/or supplement this Omnibus Objection including, without limitation, to object to amended claims and newly-filed claims.

9. Notwithstanding anything contained in this Omnibus Objection or Exhibits, nothing contained herein shall be construed as or constitute a waiver, relinquishment or modification of any rights of the Debtor, including without limitaiton, (a) the right to bring avoidance actions under the applicable provisions of Title 11 U.S.C. including, but not limited to, 11 U.S.C. § 547, against the holders of claims subject to the Omnibus Objection; or (b) to exercise any rights of setoff against the holders of such claims relating to any such avoidance actions.

10. It is respectfully submitted that, by virtue of the foregoing, sufficient cause exists, pursuant to 11 U.S.C. § 502(a) and Rule 3007 Fed.R.Bankr.P. to disallow, reduce in amount, expunge and/or reclassify the claims identified in Exhibit "A" to the extent hereinabove requested.

11.  No prior application for relief requested herein has been made.

**WHEREFORE**, the Debtor respectfully requests that the Court issue an order pursuant to 11 U.S.C. § 502(a) and Rule 3007 Fed.R.Bankr.P., disallowing, reducing in amount, expunging and/or reclassifying each of the claims as listed on the schedule annexed hereto as Exhibit "A" and for such other and further relief as the Court may deem just and proper.

Dated: August 20, 2004
   Greenwich, CT

BRITESTARR HOMES, INC.

By: _____
Melissa Zelen Neier, Esq.
Federal Bar No. 25055
Ivey, Barnum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Facsimile: (203) 661-9462
E-Mail:   mneier@ibolaw.com

## EXHIBIT A

| Creditor | Secured | Unsecured | Priority | Basis for Objection |
|---|---|---|---|---|
| Buchanan Ingersoll, P.C. | | $307,265.31 | | A review of the books and records available to the Debtor discloses that the Claimant has received payments to date of $65,000 from the Debtor. The Claimant has failed to provide any substantiation for its remaining claim. The claim should be disallowed in its entirety absent the production of documentation to support such claim. |
| John Nonnemacher | | $50,000.00 | | A review of the books and records available to the Debtor discloses that the Debtor is not indebted to the Claimant. The claim should be disallowed in its entirety. |
| Gordon Hale | | $25,000.00 | | A review of the books and records available to the Debtor discloses that the Debtor is not indebted to the Claimant. The claim should be disallowed in its entirety. |
| Mark Schwartz | | $80,000 | | A review of the books and records available to the Debtor discloses that the Debtor is not indebted to the Claimant. The claim should be disallowed in its entirety. |
| Smith, Buss & Jacobs, LLP | | $324,009.28 | | A review of the books and records available to the Debtor discloses that the Claimant has received $113,000 from the Debtor. The Claimant has failed to provide any substantiation for its remaining |

3

| | | | | claim. The claim should be disallowed in its entirety absent the production of documentation in support such claim |
|---|---|---|---|---|
| | | | | |