UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| BRITESTARR HOMES, INC., | Bankruptcy Case No.: 02-50811 (AHWS) |
| Debtor. | March 4, 2005 |

## MOTION TO ENLARGE TIME
## TO SATISFY CONDITION PRECEDENTS
## TO THE "CLOSING DATE" AS DEFINED IN THE
## DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

Britestarr Homes, Inc.("BHI"), by and through its attorneys Ivey, Barnum & O'Mara, LLC, and Oak Point Property, Inc. ("OPP"), by and through its attorneys Coan, Lewendon, Gulliver & Miltenberger, LLC, hereby move to enlarge the time for satisfying the conditions precedent to the closing date, as that term is defined in BHI's confirmed second amended plan of reorganization (the "Closing Date"). In support of their motion, the parties state as follows:

1. On June 29, 2004, this Court confirmed BHI's Second Amended Plan of Reorganization (the "Plan"). Capitalized terms herein have the same meaning as in the Plan.

### The Second Amended Plan of Reorganization

2. The Plan contemplates a transfer of BHI's real property upon the "Closing Date." The Closing Date is defined in the Plan as follows:

> the first date on which (a) the order confirming this Plan is a Final Order, (b) all of the Claims against the Debtor's estate are Allowed by the passage of time or the entry of a Final Order, (c) the Debtor and/or the Successor has a remediation plan approved by the State of New York's

1

>    Department of Environmental Conservation, and (d) the Successor has
>    obtained the Plan Financing.

See, Plan at Articles 7.4 and 1.1.13.

3. Under the Plan, a claim is "allowed" when, *inter alia*, the dollar amount of the claim "is fixed by an order of the Bankruptcy Court which has become a Final Order." *See, Plan* at Article 1.1.2. The Plan contemplates that the City of New York will receive payment on its Allowed Claim by way of either (i) monthly installments of principal and interest over six years with interest at 18%, compounded daily, or (ii) by agreement. See, Plan at Article 5.1.

4. Despite the continued efforts of BHI, OPP and the City of New York, to date the parties have not reached agreement on the nature, amount or treatment of the City of New York's proofs of claim against BHI's bankruptcy estate.

5. Accordingly, on or about August 29, 2004, BHI objected to the City of New York's proofs of claim. As a result of the objection of BHI, the City of New York's alleged claims are not "Allowed" as that term is used by the Plan.

6. Because the City of New York's alleged claims are not "Allowed," as that term is defined in the Plan, the conditions precedent to the "Closing Date" have not yet been satisfied.

### The Mediation with the City of New York

7. On February 1, 2005, this Court referred BHI's objection to the City of New York's proofs of claim to mediation.

8. On February 11, 2005, and February 25, 2005, the parties attended mediation sessions with the Honorable Milton Mollen. The substance of those mediation sessions is confidential pursuant to this Court's February 1 order.

9. Outside of the formal mediation process, the parties continue to discuss the resolution of BHI's objection to the City of New York's proofs of claim. The scope of these discussions includes not only the nature and amount of the City of New York's alleged claims against BHI, but the development of the real property owned by BHI for the benefit of BHI, its creditors, and the City and State of New York.

10. The resolution of issues with the City of New York -- whether by litigation or mediation -- is necessary to satisfy the conditions precedent to the Closing Date. The resolution of those issues is necessary for all claims against the estate to be Allowed. The resolution of these issues is also necessary for BHI to formalize its remediation plan with the State of New York's Department of Environmental Conservation, because the precise terms of a final remediation plan will change depending on the manner in which BHI develops its real estate. Of course, a resolution of the issues with the City and State of New York is a prerequisite to finalizing the Plan Financing.

### The Enlargement of Time

11. Under the terms of the Plan, the Closing Date is to occur within 270 days of the Effective Date. The Effective Date was the sixtieth day following the confirmation date. See Plan at Article 7.4. If the conditions precedent to the Closing Date do not occur with the time set by the Plan, then the real estate owned by BHI will be auctioned under the auspices of this Court.

12. Under the terms of the Plan, "the Debtor may seek an extension of the 270 period to satisfy the conditions precedent [to the Closing Date] upon an order of the Bankruptcy Court finding good cause for such an extension, after notice and a hearing, with an opportunity for objections by parties in interest." See Plan at Article 7.4.

3

13. Good cause exists for enlarging the time to satisfy conditions precedent to the Closing Date.

14. Despite their good faith efforts, BHI and the City of New York have failed to agree on the nature, amount, and treatment of the proofs of claim filed by the City of New York. At various times during this bankruptcy case, BHI, OPP and the City of New York have all represented to this Court that an agreement relating to the City of New York's proofs of claim was imminent. Despite such representations and the good faith beliefs of the parties, the parties have not yet reached such an agreement.

15. Having been unable to reach agreement prior to the deadline for filing objections to proofs of claim, BHI filed a timely objection to the City of New York's proofs of claim. In the subsequent litigation with the City of New York, and in every other matter since the confirmation of the Plan, BHI has never requested an extension of time or otherwise sought delay in obtaining a resolution of any issue in this bankruptcy case.

16. An enlargement of time to achieve the conditions precedent to the Closing Date is warranted at this time, and is in the best interest of all creditors of the BHI bankruptcy estate.

17. First, the enlargement of time will allow BHI, OPP and the City of New York to mediate the resolution of their issues with the assistance of the Honorable Milton Mollen. Second, the enlargement of time will preserve the benefit of the Plan for the creditors of the estate, and prevent the dramatic loss of value the inevitably accompanies a bankruptcy court auction. Finally, the enlargement of time will permit the resolution of the tax and environmental issues that have helped prevent the development of BHI's real property for over six years, and aid in the

development of that real property for the benefit of the people of the City and the State of New York, and the parties in this bankruptcy case.

18. BHI and OPP request an enlargement of time of one hundred and eighty (180) days after the conclusion of the mediation being conducted by the Honorable Milton Mollen. Such an enlargement.

    (1)    provides all of the time that the mediation needs to succeed in the discretion of the mediator;

    (2)    if the mediation succeeds, provides sufficient time for BHI and/or OPP to negotiate and document any agreements necessary to supplement the agreement(s) reached with the City of New York;

    (3)    provides sufficient time for BHI and/or OPP to finalize its remediation plan and financing subsequent to reaching an agreement with the City of New York; and

    (4)    if the mediation fails, provides sufficient time for the parties to litigate the issues related to City of New York's proofs of claim.

19. The Honorable Milton Mollen supports the request for an enlargement of time to achieve the conditions precedent to the Closing Date.

20. The City of New York supports this request for an enlargement of time to achieve the conditions precedent to the Closing Date.

21. This is the first request as to this time limitation.

WHEREFORE, Britestarr Homes, Inc. and Oak Point Property, Inc. hereby request an extension of one hundred and eighty (180) days after the conclusion of the mediation ordered by this Court on February 1, 2005.

BRITESTARR HOMES, INC.

By: *[signature]*
Melissa Zelen Neier (ct25055)
Ivey, Barnum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830
(203) 661-6000
Facsimile: (203) 661-9462
Email: mneier@ibolaw.com

OAK POINT PROPERTY, INC.

By: *[signature]*
Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT 06511
(203) 624-4756
(203) 865-3673 Facsimile
Email: tmiltenberger@coanlewendon.com

6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| BRITESTARR HOMES, INC., | Case No. 02-50811(AHWS) |
| Debtor. | |

### CERTIFICATION OF SERVICE

The undersigned hereby certifies that on March 4, 2005, I served, via first class mail, a copy of the **Motion To Enlarge Time To Satisy Condition Precedents To The "Closing Date" As Defined In The Debtor's Second Amended Plan Of Reorganization** and this certification upon the parties of record listed on the following Schedule A.

DEBTOR,

By: _____
Melissa Zelen Neier
Federal Bar No.: ct 25055
Ivey, Barnum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830
Phone:   (203) 661-6000

## SCHEDULE A

**Kevin F. Arthur**
**James P. Ulwick**
Kramon and Graham, PA
One South Street
Suite 2600
Baltimore, MD 21202
(Counsel for Piper Rudnick, LLP)

**Patrick M. Birney**
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(Counsel for Piper Rudnick, LLP)

**Thomas R. Califano**
**Jeremy Johnson**
**Howard Schrader**
**Timothy W. Walsh**
Piper Rudnick LLP
1251 Avenue of the Americas
New York, NY 10020
(Counsel for Piper Rudnick, LLP)

**Bruce L. Elstein**
Elstein and Elstein, P.C.
1087 Broad Street, Suite 400
Bridgeport, CT 06604
(Counsel for Mark C. Kruse
and Craig W. Galea)

**William S. Fish**
**W. Joe Wilson**
Tyler, Cooper, and Alcorn
CityPlace I
185 Asylum Street, 35th Floor
Hartford, CT 06103
(Counsel for Piper Rudnick)

**Randy Harrison**
Meyers & Harrison LLC
3 Research Drive
New Haven, CT 06525

**Elizabeth J. Austin**
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601
(Counsel for ZLG Ventures, LLC)

**Charles D. Brown**
**Michael A. Caddell**
**Gregory K. Evans**
Caddell and Chapman
1331 Lamar, Suite 1070
Houston, TX 77010

**Ronald Chorches**
1010 Wethersfield Avenue
Hartford, CT 6114
(Trustee of Estate of David Norkin)

**Carol A. Felicetta**
Reid and Riege, P.C.
234 Church Street, 9th Floor
New Haven, CT 06510
(Counsel to Official Committee of Unsecured
Creditors)

**Mark G. Hanchet**
Shaw Pittman
335 Madison Avenue
New York, NY 10017-4605
(Counsel to ABB Equity Ventures, Inc.)

**Stuart A. Krause**
Zeichner Ellman & Krause, LLP
575 Lexington Avenue
New York, NY 10022
(Counsel to ABB Equity Ventures, Inc.)
(Counsel to Oak Point Property, Inc.)

| | |
|---|---|
| **Steven E. Mackey**<br>Office of the U.S. Trustee<br>One Century Plaza<br>265 Church Street<br>New Haven, CT 06510<br>(U.S. Trustee) | **Timothy D. Miltenberger**<br>Coan, Lewendon, Gulliver & Miltenberger, LLC<br>495 Orange Street<br>New Haven, CT 06511<br>(Counsel to Oak Point Property, Inc.) |
| **Ann M. Nevins**<br>Office of the U.S. Attorney<br>915 Lafayette Blvd.<br>Bridgeport, CT 06604<br>(Counsel to the Internal Revenue Service) | **Jon P. Newton**<br>Reid and Riege, P.C.<br>One State Street<br>Hartford, CT 06103<br>(Counsel to Official Committee of Unsecured Creditors) |
| **Fred B. Ringel**<br>**Scott A. Steinberg**<br>Robinson, Brog and Associates<br>1345 Avenue of the Americas, 31st Floor<br>New York, NY 10105<br>(Counsel for ZLG Ventures, LLC) | **Robert Schmicker**<br>Stroock & Stroock & Lavan, LLP<br>180 Maiden Lane<br>New York, NY 10038 |
| **Hugh Shull**<br>Office of the Corp. Counsel of the City of NY<br>100 Church Street<br>Room 5-233<br>New York, New York 10007 | **Simon Wynn**<br>New York State Department of Law<br>Environmental Protection Bureau<br>120 Broadway, 26th Floor<br>New York, NY 10271<br>(Counsel for NYS Dept. of Environment) |
| **Mark M. Kratter**<br>Law Offices of Mark M. Kratter<br>71 Strawberry Hill Avenue, Suite 101<br>Stamford, CT 06902<br>(Counsel for David Norkin) | **James Nugent**<br>Harlow Adams and Friedman<br>300 Bic Drive<br>Milford, CT 06460 |
| **Jeffrey Buss**<br>Smith, Buss & Jacobs, LLP<br>733 Yonkers Avenue<br>Yonkers, NY 10704 | **Gordon Hale**<br>630 Steamboat Road<br>Greenwich, CT 06830 |
| **John Nonnenmacher**<br>350 Fifth Avenue<br>New York, NY 10118 | **Susan P. Persichilli, Esq.**<br>Buchanan Ingersoll<br>One Chase Manhattan Plaza, 35th Floor<br>New York, NY 10005-1417 |

3