# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: BRITESTARR HOMES, INC. | : CHAPTER 11 |
| DEBTOR | : CASE #02-50811(AHWS) |
| | : MAY 4, 2007 |

# GALEA AND KRUSE'S OBJECTION TO DEBTOR'S MOTION TO EXTEND THE TIME FOR CLOSING

The creditors, CRAIG W. GALEA and MARK C. KRUSE ("G&K"), respectfully object to the Debtor's motion to extend time for closing under the Second Amended Plan of Reorganization. In support hereof, they set forth as follows reserving all rights to interpose additional objections:

1. §7.4 of the Second Amended Plan of Reorganization provides as follows:

7.4  On the Closing Date, the Oak Point Property shall be transferred to the Successor free and clear of all claims, encumbrances and other interests, other than as expressly provided for herein. The Debtor shall take all actions necessary and appropriate to effectuate said transfer. The Closing Date is the first date on which (a) the order confirming the proposed plan is a Final Order, (b) all of the claims against the Debtor's bankruptcy estate are resolved by final orders of this Court, (c) the Debtor and/or the Successor have had a remediation plan approved by the DEC, and (d) the Successor has obtained the Plan Financing (as that term is defined in the Second Amended Disclosure Statement of Britestarr Homes, Inc.).

If the conditions precedent to the Closing Date do not occur within 270 days of the Effective Date, then the Oak Point Property will be sold at auction under the auspices of the Bankruptcy Court as soon as practicable. The auction will be conducted pursuant to orders of the Bankruptcy Court entered after the expiration of the 270 day period following the Effective Date. The proceeds of said auction will be distributed to creditors in accordance with the priority scheme of the Bankruptcy Code, provided however that the Debtor may seek an extension of the 270 day period to satisfy the conditions precedent upon an order of the Bankruptcy Court finding good cause for such an extension, after notice and a hearing, with an opportunity for objections by parties in interest.

2. All conditions precedent to the Closing Date have occurred with the exception of Plan Financing.

3. Part II of the Second Amended Disclosure Statement defines Plan Financing as follows:

The financing for the plan (the "Plan Financing") will be no more than $12 million. An interest reserve of no more than $2.6 million will be established from the loan proceeds. The Plan Financing will be secured by a lien prior to the lien of Galea & Kruse, in whole or in part. The loans will be made according to terms and conditions customary for loans of this type.

2

4. Galea and Kruse objected to the Plan and Disclosure Statement.

5. A settlement agreement between the Debtor and Galea and Kruse was reached (Doc. I.D. 297) ("Settlement Agreement") and approved by this Court (Doc. I.D. 298).

6. §1.2 of the Settlement Agreement provides that Galea and Kruse shall be paid in full on the Closing Date.

7. Plan Financing was and is available to the Debtor, but it has failed and neglected to obtain it.

8. The Debtor has breached the Settlement Agreement with Galea and Kruse by failing to pay timely the monthly payments due.

9. The reason the Debtor and the successor have failed to obtain Plan Financing and conducted the Closing is their desire to obtain a benefit for themselves on the upside potential for the premises at the expense of the creditors.

Wherefore, Galea and Kruse object to any extension of time and urge this Court to order the auction of the premises as called for in the Second Amended Confirmed Plan.

                                    **THE CREDITORS**
                                    **CRAIG W. GALEA AND MARK C. KRUSE**

                                  By:_____ct01250_____
                                    Bruce L. Elstein
                                    Elstein and Elstein, P.C.
                                    1087 Broad St., Suite 400
                                    Bridgeport, CT 06604
                                    Telephone # (203) 367-4421
                                    Facsimile # (203) 366-8615
                                    Email: belstein@elstein-law.com
                                    Federal Bar No. CT01250