# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | : | Chapter 11 |
|---|---|---|
| In re: | : | |
|    BRITESTARR HOMES, INC., | : | |
| | : | Case No. 02-50811 |
|           Debtor. | : | |

**ORDER PURSUANT TO SECTIONS 105(a), 363, 365, 1123, 1142
AND 1146 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 6004 AND
THE TERMS OF THE DEBTOR'S CONFIRMED FIRST AMENDED PLAN
OF REORGANIZATION FOR (I) APPROVAL OF PROCEDURES IN
CONNECTION WITH THE SALE THE OF ALL OF THE DEBTOR'S ASSETS,
(II) AUTHORIZATION TO ENTER INTO STALKING HORSE AGREEMENTS, (III)
APPROVAL OF PAYMENT OF STALKING HORSE PROTECTIONS, (IV) THE
SETTING OF AUCTION AND HEARING DATES, AND (V) EXTENDING THE
<u>CLOSING DATE TO PERMIT AUCTION</u>**

Upon the motion (the "Motion") of the Debtor, Britestarr Homes, Inc. (the "Debtor"), for (i) approval of procedures (the "Bidding Procedures") in connection with the sale the of all of the debtor's real estate (the "Assets"), (ii) authorization to enter into Stalking Horse Agreements (as defined below), (iii) approval of payment of Stalking Horse Protections (as defined below), (iv) the setting of auction and hearing dates, and (v) extending the closing date to permit the auction contemplated herein; and

Due notice of the Motion and this order (the "Order") having been given to all parties-in-interest, including, without limitation, (i) counsel for the Creditors' Committee, (ii) the Office of the United States Trustee, (iii) all creditors and persons or entities (A) that filed a proof of claim, (B) whose claims or interests were scheduled by the Debtor, (C) that have claims specified in the

1

Plan, (D) that have filed a notice of appearance in the Debtor's Chapter 11 case or, (E) that have liens of record against the Assets, or (iv) the New York City and State taxing and environmental authorities, (v) other applicable government agencies and (vi) Friema Norkin, David Norkin, the bankruptcy trustee for David Norkin's estate, and DLA Piper (collectively, the "Parties-In-Interest"), as evidenced by the Certificate of Service previously filed with this Court and affirmed on the record in this proceeding, and no other notice being necessary or required under the circumstances; and

A hearing concerning the Motion having been held before this Court (the "Hearing") to approve the Agreement and this Order, at which time all Parties-In-Interest were afforded an opportunity to be heard; and the Court having considered the evidence concerning the relief sought.

NOW, THEREFORE, based upon all of the pleadings previously filed by the Debtor and other interested parties, the evidence presented, proffered, attested to, or adduced at or in connection with, and upon the record of, the Hearing, and the entire record of the Debtor's bankruptcy case; and after due deliberation thereon; and good cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED AS FOLLOWS:**

    A.    This Court has jurisdiction to hear and determine this matter and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

    B.    This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

    C.    This matter is a "core proceeding" within the meaning of 28 U.S.C. §

157(b)(2)(A), (B), (D), (L), (N), and (O).

    D.    The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105, 363, 1123, 1142 and 1146 and Bankruptcy Rules 2002, 6004, and 9014.

    E.    Timely notice of the Motion, the proposed Order and the Hearing was given by transmitting copies of the notice of Motion by first class mail to all Parties-In-Interest.

    F.    Notice was adequate and sufficient under the circumstances of this Chapter 11 case and this proceeding and complied with the various applicable requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules of the Court, and the procedural due process requirements of the United States Constitution. A reasonable opportunity to object or be heard with respect to the Motion, the Agreement, the Transaction and this Order was afforded to all Parties-In-Interest.

    G.    The Bidding Procedures substantially in the form attached hereto as Exhibit 1 are fair, reasonable, and appropriate, and are designed to maximize recovery from any sale (the "Sale") of the Debtor's assets.

    H.    The Debtor has demonstrated a compelling and sound business justification for authorization to (i) enter into an agreement (the "Stalking Horse Agreement") with one or more bidders (the "Stalking Horse Bidder(s)") to establish a minimum bidding price for some or all of the Assets and (ii) pay a fee (the "Termination Fee") in connection therewith in the event that such Stalking Horse Bidder (a) is not the winning bidder at Auction (a "Successsful Bidder"), and (b) a transaction is consummated with another Successful Bidder for the assets covered by the Stalking Horse Agreement.

I. The Debtor has further demonstrated a compelling and sound business justification for authorization to enter into an agreement (the "Expense Reimbursement Agreement") with one or more entities that submit bids in connection with the Auction that provides for the reimbursement of reasonable costs and expenses incurred by such bidder in connection with its bid (the "Expense Reimbursement," and together with the Termination Fee, the "Stalking Horse Protections").

J. The Stalking Horse Protections are fair and reasonable and provide a benefit to the Debtor's estate and its creditors.

K. The Debtor's payment of either (I) the Termination Fee and/or (II) the Expense Reimbursement, under the conditions set forth in the Motion and in this order is (a) an actual and necessary cost of preserving the Debtor's estate, with the meaning of section 503(b) of the United States Bankruptcy Code, (b) of substantial benefit to the Debtor's estate and creditors and parties in interest, c) reasonable and appropriate, and (d) necessary to ensure that any Stalking Horse Bidder or purchaser will continue to pursue its proposed agreement to undertake any Sale.

L. Entry of this order is in the best interest of the Debtor and its estate, creditors and parties in interest.

M. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, applicable herein by reason of Bankruptcy Rule 9014.

N. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law

constitutes a finding of fact, they are adopted as such.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

1. The Bidding Procedures attached hereto as <u>Exhibit 1</u> are hereby APPROVED.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits.

3. The form of Sale Notice attached hereto as <u>Exhibit 2</u> is hereby approved.

4. Service of the Sale Notice in the manner described herein and in the Motion constitutes good and sufficient notice of the Auction and the Sale Approval Hearing. No other or further notice is required.

5. All Qualified Bids must be received by the Bid Deadline (as defined in the Bidding Procedures) and comply with the applicable provisions of the Bidding Procedures.

6. The Auction shall be conducted at the United States Bankruptcy Court, Room 123, 915 Lafayette Boulevard, Bridgeport, Connecticut on May 29, 2009 at 10:00 a.m.

7. Objections to the relief requested in the Sale Order shall be in writing, filed, and served so that they are <u>actually received</u> by (i) the Debtor's counsel, (ii) the Secured Creditors' counsel, (iii) the Creditor's Committee counsel, and (iv) the UST by June 4, 2009.

8. The Sale Approval Hearing shall be held in the United States Bankruptcy Court, Room 123, 915 Lafayette Boulevard, Bridgeport, Connecticut on June 9,, 2009 at 10:00 a.m. or such other date and time as the Court may direct; *provided, however*, that the Sale Approval

Hearing may adjourned without further notice by announcement at the Sale Approval Hearing.

9. As soon as practicable after the conclusion of the Auction, but not later than before the Sale Approval Hearing, the Debtor shall file the final form of Sale Order as agreed upon between the Debtor and the Successful Bidder(s).

10. The Debtor is authorized to enter into a Stalking Horse Agreement with one or more Stalking Horse Bidders. In connection therewith, the Debtor is authorized to pay to such Stalking Horse Bidders a Termination Fee, *provided, however*, that such Termination Fee shall only be paid in the event that (i) such Stalking Horse Bidder(s) is not a Successful Bidder at the Auction, (ii) a transaction is consummated with another Successful Bidder for the assets covered by the Stalking Horse Agreement. The Debtor is authorized to pay a Termination Fee of up to two percent (2%) of the purchase price set forth in the applicable Stalking Horse Agreement; *provided, however*, that the Termination Fee shall not be payable if the Stalking Horse Agreement contains any "due diligence," board or similar approval, or financing contingencies. A Stalking Horse Agreement must provide that such bid remain open until the consummation of any other bid that is selected as the Successful Bid for the assets covered by the Stalking Horse Agreement. The Debtor shall not be permitted to offer multiple Termination Fees to bidders bidding on the same Assets.

11. The Debtor, in consultation with the Creditors Committee, is authorized to enter into an Expense Reimbursement Agreement.

12. Notwithstanding Federal Rule of Bankruptcy Procedure 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

13. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.