# Exhibit B

## BIDDING PROCEDURES

Set forth below are the biding procedures (the "Bidding Procedures") to be employed in connection with an auction (the "Auction") for the sale of all or some of the Debtor's real estate. At a hearing following the Auction (the "Sale Approval Hearing"), the Debtors will seek entry of an order (the "Sale Order ") from the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") authorizing and approving the Sale to the Qualified Bidder(s) (as defied below) that the Debtor Determines to have made the highest or otherwise best bid(s)(the "Successful Bidder(s)").

### Assets to be Sold

The Debtor is offering for sale all or substantially all of its real estate (the "Assets"). Except as otherwise provided in definitive documentation with respect to the Sale, all of the Debtor's rights, title and interest in and to the Assets shall be sold free and clear of all pledges, liens, security interest, encumbrances, claims charges, options and interest thereon and there against in accordance with section 363 of the Bankruptcy Code and terms of the Debtor's Second Amended Plan of Reorganization (the "Plan").

### The Bidding Process

The Debtor shall (i) determine whether any person is a Qualified Bidder (as defined below), (ii) provide reasonable assistance to Qualified Bidders in conducting their due diligence investigations (iii) receive offers from Qualified Bidders and (iv) negotiate any offers made to purchase the Assets. Any person who wishes to participate in this bidding process must be a Qualified Bidder. Neither the Debtor nor its representatives shall be obligated to furnish any information of any kind to any person who is not determined to be a Qualified Bidder.

The Debtor may, in its sole discretion, in consultation with the Official Committee of Unsecured Creditors, enter into a "stalking horse" agreement (a "Stalking Horse Agreement') with one or more bidders (the "Stalking Horse Bidder') for the purpose of establishing a minimum acceptable bid at which to begin the Auction. For purposes of submitting a bid, and Stalking Horse Bidder(s) shall be deemed a Qualified Bidder with respect to the Bidding Procedures and the Auction.

### Bid Deadline

Any person or entity wanting to participate in the Auctions must submit a Qualified Bid (as defined below) on or before May 25, 2009 at 9:00 a.m. (the "Bid Deadline") in writing to (1) Melissa Zelen Neier, Esq., Ivey, Barnum & O'Mara, LLC, 170 Mason Street, Greenwich, CT 06830-6692, Phone (203)-661-6000, Fax (203)-661-9462;  and (2)  Carol Felicetta, Reid and Riege, PC, 195 Church Street, 15th Floor, New Haven, CT 06510, Phone (203) 777-8008, Fax (203) 777-6304.

### Qualified Bids

To qualify as a "Qualified Bidder," a bidder must submit a "Qualified Bid" by the Bid Deadline. To constitute a qualified Bid, a bid must: (i) identify the target assets, (ii) contain a mark-up of the applicable form agreement that reflects the bidder's proposes changes thereto, including any proposed minimum initial or guaranteed payment; (iii) identify the potential bidder and the officer(s) or authorized agents(s) who will appear on behalf of such bidders; (iv) provide evidence, satisfactory to the Debtor in its reasonable discretion (after consultation with the Creditors' Committee), of the bidders' financial wherewithal and ability to consummate the proposed transaction; (v) provide that the bid shall not be conditioned on the outcome of unperformed due diligence by the bidder, board approval, or any financing contingency; (vi) include the Qualified Bidder's Good Faith Deposit (as defined below; (vii) identify any executory contracts ("Contracts") or unexpired leases ("Leases") to be assumed and assigned in connection with the Sale; and (vii) contain the form of order that the bidder would request the Debtor to seek Court approval of at the Sale Approval Hearing.

All bids will be considered, but the Debtor reserves its right to reject any or all bids. Bids will be evaluated on numerous grounds, however, bids that are unconditional and contemplate sales that may be consummated on or soon after the Sale Approval Hearing are preferred.

### Good Faith Deposits

Bidders will be required to submit good faith deposits (the "Good Faith Deposits") with the Debtor on or before the Bid Deadline. Such Good Faith Deposits shall be equal to five percent (5%) of the purchase price. Good Faith Deposits of all Qualified Bidders shall be held in a separate interest-bearing account for the Debtor's benefit until eleven (11) business days following the Sale Approval Hearing. If a Successful Bidder fails to consummate an approved Sale because of a breach of failure to perform on the part of such Successful Bidder, the Debtor's will not have any obligation to return the Good Faith Deposit deposited by such Successful Bidder, and such Good Faith Deposit shall irrevocably become property of the Debtors without affecting or reducing any of the Debtor's other rights or claims against such party.

### Due Diligence

The Debtor may afford any potential bidder the opportunity to conduct a reasonable due diligence review in the manner determined by the Debtor in its discretion. The Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline.

The Debtor either has provided or will provide to all parties that have either expressed an interest in purchasing the Assets or who the Debtor believes may have an interest in purchasing the Assets (each an "Interested Party" and, collectively, the "Interested Parties"), certain information in connection with the proposed Sale, including among other things, these proposed Bidding Procedures and the Form Agreement, should any Interested Party desire additional or further information such Interested Party will be required to enter into a confidentiality agreement satisfactory to the Debtors in their business judgment. Upon execution of the confidentiality

agreement the Interested Party will be given access (through a virtual data room or otherwise) to various financial data and other relevant and confidential information.

Each bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the assets that are the subject of the Auction prior to making any such Bids; that it has relied solely upon its own independent review, investigation and/or inspection of any document and/or the assets in making its Bid' and that it did not rely upon any written or oral statements, representations, promises, warrantees or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the assets, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures or, as to the Successful Bidder, the asset purchase or the agency agreement.

### The Auction

The Auction will be conducted at the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604 on May 29, 2009, commencing at 10:00 a.m. to determine the highest or otherwise best bid with respect to the Assets, Any bidder submitting a Qualified Bid may appear and submit its highest or best bid at the Auction. The Auction may be adjourned without further notice by announcement at the Auction.

### Auction Procedures

Prior to the start of each Auction, the Debtor will advise all Qualified Bidders of what they believe to be the highest or otherwise best Qualified Bid with respect to the Sale, as well as the terms of any Stalking Horse Bid received. Only Qualified Bidders are eligible to participate in the Auction. The Creditors Committee, the City of New York, the State of New York, Galea & Kruse, Oak Point Property, LLC, the Debtor and Qualified Bidders, and their respective counsel shall be permitted to attend the Auction. Bidding at the Auction shall begin initially with the highest or otherwise best bid and shall subsequently continue in such minimum increments as the Debtor determines.

Bidding will continue with respect to the Auction until the Debtor determines that it has received the highest or otherwise best bid(s) for the Assets. After the Debtor so determines it will close the Auction, subject, however to its right to re-open the Auction if necessary. The Debtor, after consultation with the Creditors' Committee will then determine and announce which sale or combination of sales has been determined to be the highest or otherwise best bid (the "Successful Bid(s)"). In determining which bid is a Successful Bid, the Debtor will consider the net return after the payment of any Termination Fee or Expense Reimbursement, provided, however, that economic considerations shall not be the sole criteria upon which the Debtor may base its decision and the Debtor shall take into account all factors it believes to be relevant in an exercise of its business judgment.

**Stalking Horse Package**

    a.    **Termination Fee**

The Debtor is soliciting "stalking horse" bidders for the Sale. The Bankruptcy Court has authorized the Debtor to enter into agreements ("Stalking Horse Agreements") with one or more Stalking Horse Bidders(s) and to provide such Stalking Horse Bidder(s) with a fee (the "Termination Fee") of up to two percent (2%) of the guaranteed purchase price offered by such bidder; provided, however that any such bid shall not be subject to "due diligence," board or other similar approval, or financing contingencies.

    b.    **Expense Reimbursement**

The Debtor may, in its discretion, after consultation with the Creditors Committee, enter into an agreement with one of more Qualified Bidder(s) that provides for the reimbursement of reasonable costs and expenses incurred by such Qualified Bidder in connection with its bid (the "Expense Reimbursement Agreement").

In the event that the Debtor exercises its discretion and agree to such a Termination Fee and/or an Expense Reimbursement, all such amounts shall be considered by the Debtor in determining the highest or otherwise best bid and the net value that the Debtor's estates will realize at any Auction.

All Stalking Horse Agreements shall provide that the Stalking Horse Bid is irrevocable until consummation of a transaction involving any other bidder for the same Assets. In the event that the Debtor enters into a Stalking Horse Agreement, the Debtor shall (i) promptly file a notice with the Court that includes a copy of any such agreement and (ii) provide such agreement to any Interested Parties.

**Reservation of Rights**

    a.    **Determination of Highest and Best Bid**

The Debtor reserves the right to (i) determine in its reasonable discretion (after consultation with the Creditors' Committee) which offer is the highest or best offer and (ii) reject at any time prior to entry of a Court order approving an offer, without liability, any offer that the Debtors in their reasonable discretion (after consultation with the Creditors' Committee) (deem to be (x) inadequate or insufficient, (y) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or procedures set forth therein or herein, or (z) contrary to the best interests of the Debtor and its estate.

The selection of a successful bidder shall be within the reasonable business judgment of the Debtor (after consultation with the Creditors' Committee) and subject to the approval of the

Bankruptcy Court. Economic consideration shall not be the sole criteria upon which the Debtor may base its decision. In assessing whether a bid constitutes a higher or better offer, the Debtor shall consider, among other things, the net economic effect upon the Debtors' estates. The presentation of a particular bid to the Bankruptcy Court fro approval does not constitute the Debtor's acceptance of the bid. The Debtor will be deemed to have accepted a bid only when the bid has been approved the Bankruptcy Court at the Sale Approval Hearing. At or before the Sale Approval Hearing, the Debtors after consultation with the Creditors' Committee may impose such other terms and conditions on the Qualified Bidders as the Debtors may determine to be in the best interest of the Debtor, its estate, its creditors, and other parties in interests.

### b.     Modification of Bidding Procedures

The Debtor, in consultation with the Committee, reserves the right to (i) upon the entry of an appropriate order of the Bankruptcy Court extend the deadlines set forth in the Bidding Procedures and/or adjourn the Auction at the Auction and/or the Sale Approval Hearing in open court without further notice, (ii) withdraw any asset(s) (the "Withdrawn Assets") from the Sale at any time prior to or during the Auction, and to request separate hearing (s) by the Court to approve the sales(s) of some or all of the Withdrawn Assets, (iii) reject any or all Offers if, in the Debtor's reasonable business judgment, no Offer is for a fair and adequate price, and (iv) seek approval of any separate agreement to sell some or all of the Withdrawn Assets at the Sale Approval Hearing that permits a closing under the Plan.

### c.     Closing with Backup Offeror(s)

If for any reason the entity or entities that submit(s) the highest or otherwise best bid(s) fails to consummate the purchase of the Assets, or any part thereof, the offeror of the second highest or best bid will automatically be deemed to have submitted the highest or best bid and to the extent such offeror and the Debtor consent, the Debtor and such offeror are authorized to effect the sale of the assets, or any part thereof, to such offeror(s) as soon as is commercially reasonable. If such failure to consummate the purchase is the result of a breach by the winning offeror, the Debtor reserves the right to seek all available damages from the defaulting offeror.

### Sale Approval Hearing

The Sale Approval Hearing will be held on June 9, 2009 at 10:00 a.m at the United States Bankruptcy Court for the District of Connecticut, Room 123, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604 before the Honorable Alan H.W. Shiff but may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Approval Hearing.