# Exhibit C

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

|  |  |
|---|---|
| In re:<br>    BRITESTARR HOMES, INC.,<br>                    Debtor. | Chapter 11<br><br>Case No. 02-50811 |

### ORDER UNDER 11 U.S.C. §§ 105, 363, 1123, 1142 AND 1146 APPROVING AND AUTHORIZING TRANSACTIONS CONSUMMATING THE DEBTOR'S CONFIRMED PLAN OF REORGANIZATION

Upon the Debtor's Motion Pursuant to Sections 105(a), 363 and 365, 1123, 1142, and 1146 of the Bankruptcy Code, Bankruptcy Rules 6004 and the terms of the Debtor's Confirmed First Amended Plan of Reorganization for (i) Approval of Procedures in Connection with the Sale the of All of the Debtor's Assets, (ii) Authorization to Enter into Stalking Horse Agreements, (iii) Approval of Payment of Stalking Horse Protections, and (iv) the Setting of Auction and Hearing Dates, and (v) Extending the Closing Date Under the Plan to the Extent Required to Permit Auction (the "Motion"); and

Upon the order granting the Order Pursuant to Sections 105(a), 363, 365, 1123, 1142 and 1146 of the Bankruptcy Code (I) Approving Procedures in Connection With the Sale of All or Substantially All of the Debtor's Assets, (II) Authorizing the Debtor's to Enter Into Stalking Horse Agreements In Connection Therewith, (III) Approving the Payment of Stalking Horse Protections, and (IV) Setting Related Auction and Sale Hearing Dates: and

Upon the Agreement between the Debtor, Oak Point Property, LLC (the "Successor") and _____ attached hereto as Exhibit A (the "Agreement"), for the sale (the "Transaction")

of all or substantially all of the Debtor's real estate (the "Assets) free and clear of claims, liens, encumbrances and other interests (the "Transfer"); and

Due notice of the Motion and this order (the "Order") having been given to all parties-in-interest, including, without limitation, (i) counsel for the Creditors' Committee, (ii) the Office of the United States Trustee, (iii) all creditors and persons or entities (A) that filed a proof of claim, (B) whose claims or interests were scheduled by the Debtor, (C) that have claims specified in the Plan, (D) that have filed a notice of appearance in the Debtor's Chapter 11 case or (E) that have liens of record against the Assets, (iv) the New York City and State taxing and environmental authorities, (v) other applicable government agencies and (vi) Friema Norkin, David Norkin, the bankruptcy trustee for David Norkin's estate, and DLA Piper (collectively, the "Parties-In-Interest"), as evidenced by the Certificate of Service previously filed with this Court and affirmed on the record in this proceeding, and no other notice being necessary or required under the circumstances; and

A hearing concerning the Motion having been held before this Court (the "Hearing") to approve the Agreement and this Order, at which time all Parties-In-Interest were afforded an opportunity to be heard; and the Court having considered the evidence concerning the relief sought.

NOW, THEREFORE, based upon all of the pleadings previously filed by the Debtor and other interested parties, the evidence presented, proffered, attested to, or adduced at or in connection with, and upon the record of, the Hearing, and the entire record of the Debtor's bankruptcy case; and after due deliberation thereon; and good cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED AS FOLLOWS:**

**A.     Jurisdiction, Final Order, And Statutory Predicates**

1.     This Court has jurisdiction to hear and determine this matter and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

3.  This matter is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (D), (L), (N), and (O).

4.  The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105, 363, 1123, 1142 and 1146 and Bankruptcy Rules 2002, 6004, and 9014.

**B.  Notice of the Motion and the Hearing**

1.  Timely notice of the Motion, the proposed Order and the Hearing was given by transmitting copies of the notice of Motion by first class mail to all Parties-In-Interest.

2.  Notice was adequate and sufficient under the circumstances of this Chapter 11 case and this proceeding and complied with the various applicable requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules of the Court, and the procedural due process requirements of the United States Constitution. A reasonable opportunity to object or be heard with respect to the Motion, the Agreement, the Transaction and this Order was afforded to all Parties-In-Interest.

**C.  Approval of the Transaction and of Sale Free and Clear of Claims, Liens, Interests, and Encumbrances**

1.  For the reasons set forth in the Motion, there are good and sound business reasons for the Transaction to occur in accordance with the Motion, the Plan and this Order. Among other things, the Agreement will enable the Debtor to consummate its Plan.

2.  The Assets are the property of the Debtor's estate.

3. The Debtor is authorized to transfer property of its estate, pursuant to 11 U.S.C. § 1123(b) and 363(b), free and clear of all liens, claims, interests, and encumbrances if the applicable provisions of 11 U.S.C. § 363(f) have been satisfied.

4. Based on the record, the provisions of 11 U.S.C. § 363(f) have been satisfied, and at the Closing the Assets shall be transferred to _____ free and clear of any and all encumbrances, obligations, liabilities, interests, contractual commitments, claims, security interests, mortgages, liens, charges, adverse claims, claims of possession, rights of way, licenses, easements and restrictions of any kind or nature whatsoever, whether based in law or equity.

5. Any holder of a lien, claim, interest, or encumbrance of any kind or nature related to the Assets that did not object to the Plan is deemed to have consented to the Transfer pursuant to 11 U.S.C. § 363(f)(2).

6. No objections to the Transfer have been filed or received by the Debtor.

7. The purchase terms for the Assets, as set forth in the Agreement, including the consideration therefor, are fair and reasonable under the circumstances of this Chapter 11 case and this proceeding.

8. The requirements for Plan Financing in Sections 1.1.3 and 7.4 of the Plan shall be deemed satisfied by the consideration to be provided pursuant to the Agreement.

9. The purchase price set forth in the Agreement provides sufficient funds to make the distributions required by the Plan or required by the Agreements contemplated by the Plan. Notwithstanding anything in the Plan to the contrary, the Closing under the Plan shall be deemed to be the "Closing" as defined in the Agreement.

10. Other than as expressly set forth in the Agreement, the purchaser under the Agreement (the "Purchaser") has no liability to (a) the Debtor, (b) the Debtor's estate, (c) the

Debtor's creditors, (d) the Successor, or (e) the Successor's creditors. The Claims listed in Schedule C to this Order constitute all of the Allowed Claims against the Debtor

10. The Motion, the Agreement, the Transfer and the Transaction should be approved as they are in the best interests of the Debtor, its creditors and its estate.

11. The Debtor has full corporate power and authority necessary to consummate the transactions contemplated by the Agreement and has taken all corporate action necessary to authorize and approve the Asset Purchase Agreement and the consummation of the transactions contemplated thereby. No consent of any third party is required for Debtor to consummate the transactions contemplated herein, or if any consents were required, same have been obtained.

12. The Debtor has complied in full with its obligations under the Plan since entry of the Confirmation Order.

13. The entry of this Order, and this Order becoming a Final Order (as defined in the Plan), shall satisfy all remaining conditions precedent under the Plan to the consummation of the Plan. There are no defaults existing under the Plan or Confirmation Order that would prevent the Debtor from satisfying its obligations under the Agreement and the Plan.

14. The Debtor is directed and authorized to immediately use the proceeds received under the Agreement at the Closing to make all payments required pursuant to the Plan or required by agreements contemplated by the Plan.

**D.     Good Faith Of the Proposed Buyer**

1. The Purchaser is acquiring the Assets in good faith and is a good-faith purchaser within the meaning of 11 U.S.C. § 363(m), and is therefore entitled to the protection of that provision.

  2. The Purchaser has proceeded in good faith in all respects in connection with the Transaction and this proceeding in that, among other things; (a) all payments to be made by Purchaser, and other agreements or arrangements entered into by Purchaser in connection with the transactions set forth in the Agreement, have been disclosed; (b) the Purchaser has not violated 11 U.S.C. § 363(n) by any action or inaction; (c) the Purchaser is a third-party unrelated to the Debtor; and (d) the provision of the payments under the Agreement and this Order by the Purchaser will enable all of the Debtor's creditors to receive payment in full in respect of their Allowed Claims (unless a lesser amount was agreed to), the Plan to be consummated, and the Debtor's bankruptcy case to be closed.

**E.** **Retention Of Jurisdiction**

  1. It is necessary and appropriate for this Court to retain jurisdiction to interpret and enforce the terms and provisions of this Order and the Agreement.

**F.** **Section 1146**

  1. The consummation of the Transaction occurs under, and is an integral part of, the Debtor's confirmed Plan. The conveyance documents transferring the Property to Purchaser and the mortgage securing the financing of payments required to effectuate the Plan constitute instruments of transfer delivered pursuant to the Plan and therefore qualify for exemption from all New York State and City transfer and mortgage recording taxes under 11 U.S.C. § 1146.

**G.** **Miscellaneous**

  1. To the extent appropriate, findings of fact in this Order shall be construed as conclusions of law and conclusions of law in this Order shall be construed as findings of fact.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

    A.    The obligations of the Successor under the Plan regarding Class 3 Claims shall be deemed to be obligations solely of the Successor, and the Purchaser shall have no liability regarding such Class 3 Claims.

    B.    Under no circumstances shall Purchaser be deemed to be a successor of the Debtor for, or be responsible for, the payment of any debt, liability or obligation of the Debtor (whether direct or indirect, liquidated or unliquidated, choate or inchoate, or absolute, contingent or fixed, unasserted or otherwise).

    C.    The Debtor is authorized and directed to take any and all actions necessary or appropriate to (i) consummate the Transaction concerning the transfer of the Assets to Purchaser (including, without limitation, to convey to Purchaser any and all of the assets described in the Agreement to be conveyed) at the Closing in accordance with the Motion, the Agreement, the Plan, and this Order; (ii) perform, consummate, implement, and close fully the Plan and the Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Plan and the Agreement

    D.    Upon the Closing, the Assets to be transferred, sold, and delivered to Purchaser shall be free and clear of any and all Interests.

    E.    Pursuant to 11 U.S.C. §§ 105(a) and 363, this Order shall and does, as of the Closing, divest the Debtor and its estate, and the Successor, of all right, title and interest in and to the Assets.

    F.    The Transaction contemplated by the Agreement, the Plan and this Order are undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. §§ 363(m) and 364(e), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transfer shall not affect the validity of the Transaction unless such

authorization is duly stayed pending such appeal prior to the Closing. The Purchaser is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

G.  For good and valuable consideration, including the contributions of amounts necessary to make the distributions required by the Plan or required by the Agreements contemplated by the Plan, the Successor, the Purchaser, and any equity investors therein, are hereby released by the Debtor and its estate from any and all claims, debts, obligations, rights, suits, damages, actions, causes of action, remedies and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, directly or indirectly related to the Debtor, existing as of the Closing, or thereafter arising, in law, at equity, or otherwise, that any of the Debtor and its estate would have been legally entitled to assert in its own right (whether individually or collectively) or that any holder of a Claim or Interest or other Person or entity would have been legally entitled to assert on behalf of the Debtor or its estate, based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Closing, including, without limitation, claims, actions and causes of action arising from actions taken or not taken in good faith in connection with or arising out of or relating to the Transaction, the Plan, the Transfer, this Order, and the bankruptcy case of the Debtor.

H.  This Order: (a) is and shall be effective as a determination that, upon Closing, all Interests existing as to the Assets have been and hereby are adjudged and declared to be unconditionally released, discharged, and terminated, and (b) shall be binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or

contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets conveyed to Purchaser. All Interests of record as of the date of this Order shall be forthwith removed and stricken as against the Assets.

I. If any person or entity that has filed statements or other documents or agreements evidencing Interests on or in the Assets shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Interests that the person or entity has or may assert with respect to the Assets, the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Assets, as the case may be. In particular, creditors Craig W. Galea and Mark C. Kruse shall, upon the written request of the Purchaser and in exchange for payment pursuant to their agreement with the Debtor, deliver at the Closing an executed and notarized mortgage satisfaction in form sufficient to release all of their liens and/or judgments on the Assets.

J. To the extent that there is a conflict between the provisions of this Order and the Agreement, this Order shall prevail.

K. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Transaction.

L. As of the Closing, all agreements of any kind whatsoever and all orders of this Court entered prior to the date hereof shall be deemed amended and/or modified to the extent required to permit the consummation of the Transaction, including, without limitation, the Transfer of the Assets to Purchaser and the occurrence of the Closing.

M.   Pursuant to 11 U.S.C. § 1146, no transfer, sales, stamp, or similar tax shall apply to the Transaction or to any documents or instruments recorded or executed to evidence or effect the Transaction or any portion thereof. This Order: (a) is and shall be effective as a determination that, upon Closing, the conveyance documents transferring the Property to Purchaser and the mortgage securing the financing of payments required to effectuate the Plan constitute instruments of transfer delivered pursuant to the Plan and therefore qualify for exemption from all New York State and City transfer and mortgage recording taxes under 11 U.S.C. § 1146, and (b) shall be binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets or mortgages conveyed. The court hereby directs all New York State and City recording officers to record the conveyance documents and mortgage without collecting any transfer or mortgage recording tax.

N.   The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the Agreement and each and every provision, term, and condition thereof be, and therefore is, authorized and approved in its entirety; provided however that the Agreement may be modified, amended, or supplemented (including modifications, amendments and supplements relating to transitional office space and related services or transitions in distribution and fulfillment relationships including with respect to returns) by the parties thereto, in a writing

signed by all parties, without further order of this Court, provided that any such modification, amendment, or supplementation does not have a material adverse effect on the Debtor's estate and is approved by the Committee.

O. This Court retains jurisdiction to interpret and enforce the terms and provisions of the Plan, this Order and the Agreement.

P. Any modification of the Plan effectuated by this Order are approved by the Court pursuant to Article X of the Plan and the Plan as modified shall be deemed to be the "Second Amended Plan" for purposes of the Confirmation Order.

Q. This is a final order and is enforceable upon its entry and to the extent necessary under Bankruptcy Rules 5003, 9014, 9021 and 9002, and this Court finds that there is no reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein and that the stay imposed by Bankruptcy Rule 6004(h) is hereby modified and shall not apply to the Transaction, the Transfer and this Order and the Debtor is hereby authorized and directed to immediately consummate the Transaction and proceed to Closing as soon as the Last Condition has been satisfied.